| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>RURADAN CORPORATION,<br><br>                                                            Plaintiff,<br><br>              -against-<br><br>CITY OF NEW YORK, JIN CHOI, MATTHEW AHN,<br>RAYMOND KIM, L&K 48 VENTURE, INC., and<br>JLEE 19 CORP.,<br><br>                                                            Defendants.<br>------------------------------------------------------------------X | Case No.<br><br>**COMPLAINT** |

Plaintiff, by its attorneys, VLOCK & ASSOCIATES, P.C., complain against the Defendants as follows:

## THE PARTIES

1. Plaintiff RURADAN CORPORATION is a corporation duly organized and existing pursuant to the laws of the State of New York, with a place of business located at 1100 Madison Avenue, Suite 2L, New York, New York 10028.

2. Defendant CITY OF NEW YORK is a municipal entity existing pursuant to the laws of the State of New York.

3. Upon information and belief, Defendant JIN CHOI is an individual residing at 19 Princeton Drive, Dix Hills, New York 11746.

4. Upon information and belief, Defendant MATTHEW AHN is an individual having a business address at 154-16 33rd Avenue, Flushing, New York 11354.

5. Upon information and belief, Defendant RAYMOND KIM is an individual residing at 305A Roff Avenue, Palisades Park, New Jersey 07650.

6. Upon information and belief, Defendant L&K 48 VENTURE, INC. is a corporation duly organized and existing pursuant to the laws of the State of New York, with a place of business located at 8 East 48th Street, New York, New York 10017.

7. Upon information and belief, Defendant JLEE 19 CORP. is a corporation duly organized and existing pursuant to the laws of the State of New York, with a place of business located at 8 East 48th Street, New York, New York 10017.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action involves a Federal Question arising under the Constitution of the United States. The Court has jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a), as the claims arise from the same set of facts and circumstances as Plaintiffs' federal claims and are so related to those claims that they form part of the same case or controversy.

9. Venue is properly in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in the County of New York, which is located within this District.

## STATEMENT OF FACTS

10. Plaintiff is the owner and landlord of the premises known as and located at 8 East 48th Street, New York, New York 10017, a multi-unit apartment building containing residential and commercial rental space.

11. On or about May 15, 2014, Defendant L&K 48 VENTURE, INC., as tenant doing business as "Toasties," entered into a commercial Lease with Plaintiff, as landlord, for the use and occupancy of the premises known as Store No. 1, as subsequently modified to Store No. 3, at 8 East 48th Street, New York, New York 10017.

12. The said Lease, as subsequently modified, was for a term through August 31, 2029.

13. Defendants JIN CHOI, MATTHEW AHN and RAYMOND KIM executed and delivered to Plaintiff a Guaranty dated May 15, 2014, whereby said Defendants personally guaranteed the obligations under the said Lease, as modified.

14. The said Lease, as modified, was assigned by Defendant L&K 48 VENTURE, INC. to Defendant JLEE 19 CORP. by Assignment and Assumption of Lease Agreement dated August 2019.

15. By Consent and Second Lease Modification Agreement, dated August 2019, Plaintiff, *inter alia*, consented to the aforesaid assignment of the Lease, as modified, and Defendants L&K 48 VENTURE, INC., JIN CHOI, MATTHEW AHN, RAYMOND KIM remained liable for the obligations under the said Lease, as modified (Defendants JIN CHOI, MATTHEW AHN, RAYMOND KIM, L&K 48 VENTURE, INC., and JLEE 19 CORP., hereinafter referred to as "Toasties Defendants").

16. On or about March 16, 2020, New York Governor Andrew Cuomo issued Executive Order 202.3, setting forth, inter alia, that "Any restaurant or bar in the state of New York shall cease serving patrons food or beverage on-premises effective at 8 pm on March 16, 2020, and until further notice shall only serve food or beverage for off-premises consumption."

17. On or about May 13, 2020, Defendant CITY OF NEW YORK enacted legislation, codified as N.Y.C. Admin. Code § 22-1005 ("Guaranty Law"), which became effective on May 26, 2020, as subsequently amended.

18. The Guaranty Law (entitled "Personal liability provisions in commercial leases") provides:

> A provision in a commercial lease or other rental agreement involving real property located within the city, or relating to such a lease or other rental agreement, that provides for one or more natural persons who are not the tenant under such agreement to become, upon the occurrence of a default or other event, wholly or partially personally liable for payment of rent, utility expenses or taxes owed by the tenant under such agreement, or fees and charges relating to routine building maintenance owed by the tenant under such agreement, shall not be enforceable against such natural persons if the conditions of paragraph 1 and 2 are satisfied:
> 1. The tenant satisfies the conditions of subparagraph (a), (b) or (c):
>    (a) The tenant was required to cease serving patrons food or beverage for on-premises consumption or to cease operation under executive order number 202.3 issued by the governor on March 16, 2020;
>    (b) The tenant was a non-essential retail establishment subject to in-person limitations under guidance issued by the New York state department of economic development pursuant to executive order number 202.6 issued by the governor on March 18, 2020; or
>    (c) The tenant was required to close to members of the public under executive order number 202.7 issued by the governor on March 19, 2020.
> 2. The default or other event causing such natural persons to become wholly or partially personally liable for such obligation occurred between March 7, 2020 and June 30, 2021, inclusive.

19. The Guaranty Law prohibits commercial landlords from enforcing personal guarantees of commercial leases for defaults that accrued between March 7, 2020 and June 30, 2021.

20. The Guaranty Law purports to prohibit the enforcement of personal guarantees executed prior to May 26, 2020, the effective date of the Guaranty Law.

21. The Guaranty Law purports to prohibit the enforcement of personal guarantees relating to leases for businesses that continued to operate, or were otherwise not prohibited from operating, during the period of March 7, 2020 and June 30, 2021.

## FIRST CAUSE OF ACTION

**Violation of Article I, Section X, Clause I of the United States Constitution ("Contracts Clause"), 42 U.S.C. § 1983 and 28 U.S.C. § 2201**

22. Plaintiff repeats and realleges each and every allegation set forth above, as if more fully set forth at length hereinafter.

23. At all relevant times, Defendant CITY OF NEW YORK acted under color of State law.

24. At all relevant times, Plaintiff was a citizen of the United States or other person within the jurisdiction entitled to commence an action pursuant to 42 U.S.C. § 1983.

25. Article I, Section X, Clause I of the United States Constitution ("Contracts Clause") sets forth that "No State shall…pass any…Law impairing the Obligation of Contracts…."

26. Under the Contracts Clause, municipalities are prohibited from enacting legislation that renders contractual obligations invalid, or releases or extinguishes them.

27. Defendant CITY OF NEW YORK impaired Plaintiff's rights and obligations previously established in the Lease and Guaranty executed by the Toasties Defendants by enacting the Guaranty Law which purports to prohibit Plaintiff from enforcing the Guaranty.

28. The Guaranty Law has substantially impaired Plaintiff's contractual obligations by repudiating the debts incurred by the Toasties Defendants under the Lease and Guaranty.

29. The Guaranty Law has substantially impaired Plaintiff's contractual obligations by disrupting Plaintiff's reasonable expectations under the Lease and Guaranty.

30. The Guaranty Law has substantially impaired Plaintiff's contractual obligations by permanently and forever barring Plaintiff's ability to enforce the Guaranty.

31. The Guaranty Law has substantially impaired Plaintiff's contractual obligations by rendering the Guaranty valueless.

32. The Guaranty Law is not a reasonable and appropriate means for achieving a legitimate public purpose.

33. The Guaranty Law improperly seeks to impose a public burden on the shoulders of a discrete group of private persons, to wit, commercial landlords who operate in New York City.

34. The Guaranty Law is not conditioned on the needs of businesses or their guarantors, but absolves all small business lease guarantors regardless of their ability to pay their debts, or whether or not the businesses continue to operate.

35. Plaintiff is entitled to a declaration that Defendant CITY OF NEW YORK violated Plaintiff's rights under the Contracts Clause by impairing Plaintiff's right to recover under the Guaranty executed by the Defendants herein.

36. Defendant CITY OF NEW YORK acted unreasonably in light of the circumstances.

37. As a direct, immediate, and proximate result of the action of Defendant CITY OF NEW YORK, Plaintiff has sustained and will sustain injury and damages, including, but not limited to, deprivation of its rights under the United States Constitution.

38. The substantial impairment of contractual obligations by reason of Defendant's actions in enacting the Guaranty Law has proximately caused, and will continue to cause, Plaintiff to suffer irreparable injury and damage, including but not limited to (a) substantial disruption of Plaintiff's reasonable expectations under the Guaranty; (b) substantial interference with Plaintiff's ability to collect rent, additional rent, charges and fees; (c) economic damages which are irreparable, including the potential loss of unique real property interests; (d) destruction of the economic value of the Guaranty and Lease; and (e) other substantial injury.

39. Plaintiff is entitled to a declaratory judgment that the Defendant CITY OF NEW YORK, by virtue of the enactment of the Guaranty Law, has violated Plaintiff's rights under the Contracts Clause of the U.S. Constitution.

40. Plaintiff is entitled to preliminary and final injunctive relief, enjoining the Guaranty Law.

41. Plaintiff is entitled to a declaratory judgment that the Guaranty Law is applicable only to personal guarantees executed on or after the effective date of the Guaranty Law, and has

no retroactive applicability to personal guarantees executed prior to the Guaranty Law's effective date of May 26, 2020.

42. Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred as a result of this action.

## SECOND CAUSE OF ACTION

**Violation of the Fifth Amendment to the United States Constitution ("Takings Clause")**

43. Plaintiff repeats and realleges each and every allegation set forth above, as if more fully set forth at length hereinafter.

44. The Fifth Amendment to the United States Constitution ("Takings Clause") provides, *inter alia,* that "nor shall private property be taken for public use, without just compensation."

45. The Takings Clause is made applicable to the States by the Fourteenth Amendment.

46. The Guaranty Law violates Plaintiff's rights under the Takings Clause, in that it forces Plaintiff, as a private person, to bear public burdens which in all fairness and justice should be borne by the public as a whole.

47. Defendant CITY OF NEW YORK, by enacting the Guaranty Law, seeks to take property under the mere pretext of a public purpose, when its actual purpose was to bestow a private benefit upon guarantors of commercial leases, in violation of Plaintiff's rights under the Takings Clause.

48. The Guaranty Law amounts to the complete elimination of value and total loss of the Guaranty.

49. Defendant CITY OF NEW YORK has not enacted any provision for paying just compensation to Plaintiff and others similarly situated, to compensate for the total destruction of the value of the Guaranty.

50. The Guaranty Law does not substantially advance legitimate State interests or interests of Defendant CITY OF NEW YORK, as there is no causal nexus between the Guaranty Law and its stated purpose.

51. The economic impact of the Guaranty Law on Plaintiff is severe, in that the Guaranty Law completely and permanently destroys Plaintiff's ability to recover the rent due from the said personal guarantors under the Guaranty.

52. The Guaranty Law has interfered with distinct investment-backed expectations of Plaintiff, which is the beneficial party under the Guaranty, as it completely and permanently prevents recovery by the Plaintiff under the Guaranty.

53. The Guaranty Law clearly eliminated Plaintiff's contract rights for the proclaimed public purpose of keeping the Toasties Defendants' business open, despite the fact that it did not accomplish that purpose.

54. Plaintiff is entitled to a declaratory judgment that the Defendant CITY OF NEW YORK, by virtue of the enactment of the Guaranty Law, has violated Plaintiff's rights under the Takings Clause of the U.S. Constitution.

55. Plaintiff is entitled to preliminary and final injunctive relief, enjoining the Guaranty Law.

56. Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred as a result of this action.

### THIRD CAUSE OF ACTION

**Violation of the Fourteenth Amendment to the United States Constitution ("Due Process Clause")**

57. Plaintiff repeats and realleges each and every allegation set forth above, as if more fully set forth at length hereinafter.

58. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects property, including a cause of action which is a species of property protected by the Due Process Clause.

59. Defendant CITY OF NEW YORK violated Plaintiff's rights under the Due Process Clause by completely and permanently depriving Plaintiff of a cause of action to recover on the Guaranty.

60. Plaintiff is entitled to a declaratory judgment that the Defendant CITY OF NEW YORK, by virtue of the enactment of the Guaranty Law, has violated Plaintiff's rights under the Due Process Clause of the U.S. Constitution.

61. Plaintiff is entitled to preliminary and final injunctive relief, enjoining the Guaranty Law.

62. Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred as a result of this action.

**FOURTH CAUSE OF ACTION**

**Violation of the New York Constitution Article IX and Municipal Home Rule Law**

63. Plaintiff repeats and realleges each and every allegation set forth above, as if more fully set forth at length hereinafter.

64. New York Constitution Article IX empowers municipalities to legislate in matters of local concern as long as the local legislation is not inconsistent with the New York State Constitution or any general law.

65. New York Constitution Article IX, Section 3(d)(1) defines "General law" as "A law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages."

66. New York Municipal Home Rule Law § 10(1)(ii) provides that local governments only have the power to adopt laws "not inconsistent with the provisions of the constitution or not inconsistent with any general law."

67. The Guaranty Law violates the New York Constitution in that it is inconsistent with it, inconsistent with the Municipal Home Rule Law, and as inconsistent with general law.

68. The Guaranty Law violates the New York Constitution and Municipal Home Rule Law in that it violates the due process provision of the New York Constitution Article I, § 6, by completely and permanently depriving Plaintiff of a cause of action to recover on the Guaranty.

69.     The Guaranty Law violates the New York Constitution and Municipal Home Rule Law in that it violates the provision of the New York Constitution Article I, § 7, in completely and permanently taking Plaintiff's private property for public use without just compensation, by completely and permanently prohibiting recovery by Plaintiff on the Guaranty.

70.     The Guaranty Law violates the New York Constitution and Municipal Home Rule Law in that it violates the general law of New York, by invalidating the Plaintiff's long-established contractual rights with regard to the Guaranty, destroying Plaintiff's cause of action and remedies with regard thereto, and totally and permanently preventing Plaintiff from ever recovering the debts due thereunder.

71.     Plaintiff is entitled to a declaratory judgment that the Defendant CITY OF NEW YORK, by virtue of the enactment of the Guaranty Law, has violated Plaintiff's rights under the New York Constitution.

72.     Plaintiff is entitled to preliminary and final injunctive relief, enjoining the Guaranty Law.

### FIFTH CAUSE OF ACTION

#### Breach of Contract

73.     Plaintiff repeats and realleges each and every allegation set forth above, as if more fully set forth at length hereinafter.

74.     Pursuant to the provisions of the said Lease, as modified, and Guaranty, the Toasties Defendants were obligated to pay rent and additional rent in the amounts set forth therein.

75. Pursuant to the provisions of the said Lease, as modified, and Guaranty, the Toasties Defendants are obligated to pay attorneys' fees and expenses incurred by the Plaintiff in collecting the rent and additional rent due and owing from the Toasties Defendants.

76. The Toasties Defendants failed to make full payment of rent and late fees under the said Lease, as modified, and Guaranty, despite due demand.

77. Plaintiffs has complied fully with all of its obligations under the said Lease, as modified, and Guaranty, and all conditions precedent to the obligation of the Toasties Defendants to pay the sums due thereunder, if any, have been fulfilled or waived.

78. Plaintiff has duly demanded, and does hereby demand, that the Toasties Defendants pay the sums due and owing.

79. As of April 13, 2022, the Toasties Defendants are duly indebted to Plaintiff under the provisions of the said Lease, as modified, and Guaranty, in total sum of $1,000,127.27, not including attorneys' fees and expenses.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

    a. A declaratory judgment that the Defendant CITY OF NEW YORK has violated Plaintiff's rights under the Contracts Clause of the U.S. Constitution.

b. A declaratory judgment that the Defendant CITY OF NEW YORK has violated Plaintiff's rights under the Takings Clause of the U.S. Constitution.

c. A declaratory judgment that the Defendant CITY OF NEW YORK has violated Plaintiff's rights under the Due Process Clause of the U.S. Constitution.

d. A declaratory judgment that the Defendant CITY OF NEW YORK has violated Plaintiff's rights under the New York Constitution.

e. A declaratory judgment that the Guaranty Law is applicable only to personal guarantees executed on or after the effective date of the Guaranty Law, and has no retroactive applicability to personal guarantees executed prior to the Guaranty Law's effective date of May 26, 2020.

f. A preliminary and permanent injunction, enjoining the Guaranty Law.

g. As against Defendants JIN CHOI, MATTHEW AHN, RAYMOND KIM, L&K 48 VENTURE, INC., and JLEE 19 CORP., in the sum of $1,000,127.27, together with legal interest from April 13, 2022 through the entry of Judgment;

h. Together with attorneys' fees and expenses incurred herein, in an amount to be determined by the Court, and the costs and disbursements of this action; and

i. Such other and further relief as the Court deems just and proper under the circumstances.

Dated:      New York, New York
            April 13, 2022

                                                VLOCK & ASSOCIATES, P.C.
Attorneys for Plaintiff
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 557-0020

By: s/*Stephen Vlock*
Stephen Vlock, Esq.
svlock@vlocklaw.com