```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
RURADAN CORPORATION,                                              :
                                                                  :
                          Plaintiff,                              :
                                                                  :        22-cv-3074 (LJL)
            -v-                                                   :
                                                                  :        MEMORANDUM &
CITY OF NEW YORK et al,                                           :          ORDER
                                                                  :
                          Defendants.                             :
                                                                  :
------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 37, to compel production of documents by Defendants Jin Choi, Matthew Ahn, Raymond Kim, L&K 48 Venture, Inc., and JLEE 19 Corp. (the "Toasties Defendants"). Dkt. No. 68. Plaintiff argues (1) that the Toasties Defendants have waived any objections to the document request by failing to serve a timely response; and (2) that the Toasties Defendants' objections are without merit. The motion is denied without prejudice.

Plaintiff's argument that the Toasties Defendants have waived their objections rests on the proposition that the document request was properly served. But Plaintiff served the requests only by email and Federal Rule of Civil Procedure 5(b)(2)(E) permits service by email only if the opposing party has consented in writing. Fed. R. Civ. P. 5(b)(2)(E); *Dalla-Longa v. Magnetar Capital LLC*, 33 F.4th 693, 696 (2d Cir. 2022). Defendants represent they have provided no such consent and Plaintiff introduces no evidence to the contrary. (The parties are encouraged to consent to service by email.)

As to the merits, the Toasties Defendants represent that they have provided all documents in their possession, custody, and control responsive to categories (b), (c), (f), and (g) on page 2 of

Dkt. No. 68.  Categories (a) (all communications between the parties) and (e) (photographs) are overbroad and not proportional to the needs of the case as currently drafted, Fed. R. Civ. P. 26(b)(1), and the Toasties Defendants have represented that they have produced all communications between the parties concerning the alleged nonpayment of rent, the vacating of the premises, and "anything else related to Plaintiff's claims in this action."  Dkt. No. 71 at 2.  Plaintiff has not demonstrated the relevance of the documents in categories (h) through (l) or, as to the tax returns (category k), that the returns are relevant to the subject matter of the action and that a compelling need exists for them because the information is not readily obtainable from a less intrusive source.  *See Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (holding that due to the private nature of the sensitive information contained in tax returns and the public interest in encouraging the filing by taxpayers of complete and accurate returns, the requesting party "bears the burden of establishing both relevancy and a compelling need for the tax returns" (internal citations and quotations omitted)); *Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, 145 (E.D.N.Y. 2010).

      The motion is denied without prejudice to renewal upon a proper showing of relevance and only after the parties have met and conferred.

      The Clerk of Court is respectfully directed to close Dkt. No. 68.

      SO ORDERED.

Dated: November 18, 2022  
      New York, New York  
                                                          LEWIS J. LIMAN  
                                                          United States District Judge