# VLOCK & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

| | |
|---|---|
| 630 THIRD AVENUE | Tel: (212) 557-0020 |
| 18TH FLOOR | Fax: (212) 574-3365 |
| NEW YORK, NEW YORK 10017 | www.vlocklaw.com |

December 15, 2022

BY ECF

The Honorable Lewis J. Liman
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    Ruradan Corporation v. City of New York, Jin Choi, et al.
               Case No. 22-cv-03074

Dear Judge Liman:

This office represents Plaintiff, Ruradan Corporation, in the above-referenced matter. We are writing this letter application pursuant to Rule 26(c) for a protective order regarding Plaintiff's invoices produced to the Toasties Defendants, which also contained proprietary and patently irrelevant invoices concerning charges to non-party tenants in the same building.

Fed. R. Civ. P. Rule 26(c) allows courts to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." In analyzing motions for a protective order, courts weigh the need of the party seeking the discovery against any undue hardships created by permitting it. *See In re Initial Public Offering Securities Litigation*, 220 F.R.D. 30, 36 (S.D.N.Y. 2003); *Apex Oil Co. v. DiMauro*, 110 F.R.D. 490, 496 (S.D.N.Y. 1985); *In re Fosamax Prods. Liab. Litig.*, No. 1789, 2009 U.S. Dist. LEXIS 70246, at *30-31 (S.D.N.Y. Aug. 4, 2009).

Rule 26(c)(1) permits the court to forbid disclosure or discovery on a showing of good cause. *Dukes v. N.Y.C. Emples. Ret. Sys.*, 331 F.R.D. 464, 466 (S.D.N.Y. 2019).

In this case, the Toasties Defendants' Notice for Production, Request No. 6, requested "All documents concerning invoices, bills or similar statements <u>sent by Plaintiff to Defendants</u>." [Emphasis added]. Plaintiff fully complied by producing all invoices sent by Plaintiff to Defendants for the years 2013 to 2020, which was approximately 100 pages. However, Plaintiff's printout for the invoices also included numerous invoices detailing charges to unrelated third-party tenants for separate rental units. Since the unrelated information was proprietary to the Plaintiff-Landlord, patently irrelevant and not responsive to the Toasties Defendants' document request, Plaintiff produced the documents and redacted only the invoices that did not pertain to the Toasties Defendants.

# VLOCK & ASSOCIATES, P.C.

During the conference with the Court on December 14, 2022, counsel for the Toasties Defendants requested unredacted documents.  The Court directed the instant application for a protective order, which is warranted because Plaintiff is a landlord and the amounts charged to other tenants in the building is confidential and proprietary for business-related purposes.  For Plaintiff to be required to produce its proprietary information regarding patently irrelevant invoices sent to non-party tenants would subject Plaintiff to undue annoyance, embarrassment and oppression, not to mention the privacy and potential adverse effects on the non-party tenants.  While there is no prejudice to the Toasties Defendants by Plaintiff redacting the invoices sent to unrelated third-parties, Plaintiff would suffer harm if it is forced to produce its proprietary information which is patently irrelevant to this case and unresponsive to the demands by the Toasties Defendants.  Respectfully, there is good cause shown herein for a protective order.  Nothing in the invoices pertaining to the Toasties Defendants was redacted in the production.  Again, only the invoices pertaining to non-parties were redacted by Plaintiff.  Should the Court desire, we can submit the redacted and unredacted copies to the Court for an *in camera* review to satisfy the Court that the redactions relate only to non-party tenants.

Accordingly, pursuant to Rule 26(c), we respectfully request that the Court issue a protective order denying Defendant's request during the conference on December 14, 2022, for Plaintiff to produce the invoices without redaction, as the redacted portions have nothing do with the claims or defenses in this action.

Thank you for your consideration.

          Very truly yours,

          *s/Steven Giordano*

          Steven Giordano

cc:   Robert Lash, Esq.
       Scott Hur, Esq.
       Scali Riggs, Esq.
       Pamela Koplik, Esq.

1590.00000

ORDER:  This request is denied without prejudice.  The parties should submit a proposed protective order to the Court with their signatures.  A model protective order is available on this Court's website.

Date: 12/19/2022

SO ORDERED.

2

LEWIS J. LIMAN
United States District Judge