```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
RURADAN CORPORATION,                                               :
                                                                   :
                         Plaintiff,                                :
                                                                   :         22-cv-03074 (LJL)
              -v-                                                  :
                                                                   :         MEMORANDUM AND
CITY OF NEW YORK et al,                                            :              ORDER
                                                                   :
                         Defendant.                                :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/5/2023__

LEWIS J. LIMAN, United States District Judge:

Plaintiff Ruradan Corporation ("Plaintiff" or "Ruradan") moves, pursuant to Federal Rule of Civil Procedure 37(a)(1), to compel production of documents from the Toasties Defendants. Dkt. No. 79. The Toasties Defendants include L&K 48 Venture, Inc. and JLee 19 Corp. ("Corporate Defendants") and Jin Choi, Matthew Ahn, and Raymond Kim ("Individual Defendants").

The amended complaint ("Amended Complaint") which is brought against the Toasties Defendants and the City of New York challenges the constitutionality of the New York City Guaranty Law on federal and state constitutional grounds. Dkt. No. 40. It also contains a claim for breach of contract against the Toasties Defendants. *Id.* ¶¶ 85–91. Plaintiff is the owner and landlord of the premises known as and located at 8 East 48th Street, New York, New York, a multi-unit apartment building containing residential and commercial rental space. *Id.* ¶ 10. Defendant L&K Venture, Inc. is a tenant of a stores located on the premises, pursuant to a commercial lease (the "Lease") with Plaintiff as landlord, with a term that runs through August 31, 2029, *id.* ¶¶ 11–12; the Lease, as modified, was assigned to Defendant JLee 19 Corp. by assignment and assumption of lease dated August 2019, *id.* ¶ 14. The Individual Defendants

1

have personally guaranteed the obligations of the Corporate Defendants under the Lease (the "Guaranty").  *Id.* ¶ 13.

On or about March 16, 2020, New York Governor Andrew Cuomo issued Executive Order 202.3, setting forth, inter alia, that "Any restaurant or bar in the state of New York shall cease serving patrons good or beverage on-premises effective at 8 pm on March 16, 2020, and until further notice shall only serve food or beverage for off-premises consumption."  *Id.* ¶ 16. On or about May 13, 2020, the City of New York enacted the Guaranty Law, effective on May 26, 2020 and codified at N.Y.C. Admin. Code § 22-1005.  *Id.* ¶ 17.  The Guaranty Law (entitled "Personal liability provisions in commercial leases") provides as follows:

> A provision in a commercial lease or other rental agreement involving real property located within the city, or relating to such a lease or other rental agreement, that provides for one or more natural persons who are not the tenant under such agreement to become, upon the occurrence of a default or other event, wholly or partially personally liable for payment of rent, utility expenses or taxes owed by the tenant under such agreement, or fees and charges relating to routine building maintenance owed by the tenant under such agreement, shall not be enforceable against such natural persons if the conditions of paragraph 1 and 2 are satisfied:
> 1.     The tenant satisfies the conditions of subparagraphs (a), (b) or (c):
>        (a)     The tenant was required to cease serving patrons food or beverage for on-premises consumption or to cease operation under executive order number 202.3 issued by the governor on March 16, 2020;
>        (b)     The tenant was a non-essential retail establishment subject to in-person limitations under guidance issued by the New York state department of economic development pursuant to executive order number 202.6 issued by the government or March 18, 2020; or
>        (c)     The tenant was required to close to members of the public under executive order number 202.7 issued by the governor on March 19, 2020.
> 2.     The default or other event causing such natural persons to become wholly or partially personally liable for such obligation occurred between March 7, 2020 and June 30, 2021, inclusive.

*Id.* ¶ 18.

In or about April 2020, the Corporate Defendants defaulted under the terms of the Lease and the Individual Defendants failed to perform under the Guaranty.  *Id.* ¶ 22.  Plaintiff

commenced a state court action against the Toasties Defendants on or about July 12, 2021, to enforce the Lease and the Guaranty, but the Toasties Defendants filed a motion to dismiss on the grounds that they were covered by Governor Cuomo's Executive Order and protected by the Guaranty Law. The state court action was discontinued on consent of the Toasties Defendants without prejudice. *Id.* ¶¶ 23–25.

This action was commenced on April 13, 2022. Dkt. No. 1. The Amended Complaint alleges that the Guaranty Law violates the Contracts Clause, the Takings Clause, and the Fourteenth Amendment of the United States Constitution, Article IX of the New York Constitution, and the New York Municipal Home Rule Law.[1] Dkt. No. 40. Plaintiff alleges that the Guaranty Law acts as a barrier to their enforcement of the Lease and Guaranty, substantially impairs their rights under the Lease and Guaranty, and interferes with their reasonable expectation that the Lease and Guaranty would be enforceable. *Id.* ¶¶ 26–29.

The City of New York and the Toasties Defendants have each moved to dismiss the Amended Complaint for failure to state a claim for relief. Dkt. Nos. 44, 56. With respect to the state-law claim, the Toasties Defendants argue that the Court should decline supplemental jurisdiction. Dkt. No. 58 at 1.

In its instant request, Plaintiff seeks documents in two related categories: (1) Plaintiff's Request No. 9 seeks documents evidencing the financial health of the Toasties Defendants, such as financial statements, evidence of assets, debts, income, liabilities, and expenses relevant to the claims and defenses to the Amended Complaint; and (2) Request No. 17 seeks the Toasties

---

[1] New York Constitution Article IX empowers municipalities to legislate in matters of local concern as long as the local legislation is not inconsistent with the New York State Constitution or any general law, and New York Municipal Home Rule Law § 10(1)(ii) provides that local governments only have the power to adopt laws "not inconsistent with the provisions of the constitution or not inconsistent with any general law." Dkt. No. 40 ¶¶ 75, 77.

Defendants' state and federal tax returns for the period January 1, 2014 to the date of production. Dkt. No. 79.  They argue that both documents are relevant because in response to their argument that the Guaranty Law is unconstitutional because it bars Plaintiff from relief, Defendants have responded that while the Guaranty Law bars recovery against the Individual Defendants, Plaintiff can still obtain a judgment against the Corporate Defendants who signed the lease.  *Id.* at 2–3.  Plaintiff thus argues that the financial health of the Toasties Defendants—and whether Plaintiff can, in fact, recover from the Corporate Defendants—is at issue.  *Id.*  The Toasties Defendants oppose the request on the grounds that the documents are irrelevant.  Dkt. No. 82.  Documents regarding the financial health of the Individual Defendants and the tax returns of the Individual Defendants are not relevant because under Plaintiff's argument, the constitutionality of the Guaranty Law depends on whether the Corporate Defendants can pay a potential judgment.  *Id.* at 2.  If they can, then the finances of the Individual Defendants who are guarantors would be irrelevant.  *Id.*  If they cannot pay, the finances of the Individual Defendants likewise would be irrelevant: if the Individual Defendants had no assets whatsoever, Plaintiff would not be able to collect a judgment against them whether or not the Guaranty Law was constitutional.  *Id.*  According to the Toasties Defendants, the finances of the Corporate Defendants also are not relevant.  *Id.*  The constitutionality of the statute cannot turn on whether at any particular time the tenant or the guarantors had sufficient assets to pay a potential judgment.  *Id.*  Defendant City of New York writes that it generally agrees that information regarding the finances of the Toasties Defendants is not relevant to Plaintiff's constitutional claims.  Dkt. No. 83 at 1.

      Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Relevancy" under Rule 26 is to be "construed broadly to encompass any matter

that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir.1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

The motion to compel is denied.  Plaintiff has not shown that the requested documents are relevant to the claims and defenses in this case or proportionate to the needs of the case.  The Amended Complaint does not allege that the Corporate Defendants are insolvent or unable to pay the rent due; it simply alleges that the Corporate Defendants have failed to pay the rent due.  Nor does the Amended Complaint allege that anything turns on whether the Corporate Defendants are solvent or not.  As the Court understands the Amended Complaint, it alleges that Plaintiff secured the valuable right under the Guaranty to pursue claims against the Individual Defendants if the Corporate Defendants failed to pay under the Lease, regardless whether the Corporate Defendants had the assets to pay or not.  As the Toasties Defendants themselves note, it appears to be irrelevant whether the Corporate Defendants could pay.  If Plaintiff is right and the Guaranty Law is unconstitutional, then Plaintiff would have the right to pursue the Individual Defendants upon a default under the Lease regardless whether the Corporate Defendants could also satisfy the obligations under the Lease.  The constitutionality of the Guaranty Law cannot turn upon whether at the time of default or any time thereafter the landlord could be able to hunt for assets of the tenant.  Nor has Plaintiff explained how the assets of the Individual Defendants are relevant.  On Plaintiff's theory, it had a right to pursue the Individual Defendants on the

Guaranty regardless whether the Individual Defendants had the assets to satisfy the judgment. The assets of the Individual Defendants might bear on the value of that claim; the Court can discern no reason why it bears on the claim itself or on any defense.[2]

The request for tax returns is denied for an additional reason. "Due to 'the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns,' courts 'have long been reluctant' to order discovery of tax returns." *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (quoting *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'" *Lopez v. Guzman*, 2018 WL 11411132, at *3 (E.D.N.Y. Nov. 27, 2018) (quoting *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)); *see Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) ("Routine discovery of tax returns is not the rule but rather the exception."); *see also Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *2 (S.D.N.Y. Oct. 24, 2022) (same). Plaintiff has not shown that the tax returns are relevant to the subject matter of the action.[3]

SO ORDERED.

Dated: January 5, 2023
      New York, New York

                                                   LEWIS J. LIMAN
                                                   United States District Judge

---

[2] Notably, at this stage, Defendants have not answered and interposed affirmative defenses.
[3] If it turns out that the Amended Complaint survives the motion to dismiss and that Plaintiff can articulate a basis upon which the requested documents are relevant under the Court's analysis of the motion to dismiss, Plaintiff may renew this motion.