```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
RURADAN CORPORATION,                                                    :
                                                                        :
                              Plaintiff,                                :
                                                                        :           22-cv-3074 (LJL)
            -v-                                                         :
                                                                        :              ORDER
CITY OF NEW YORK ET AL.,                                                :
                                                                        :
                              Defendants.                               :
                                                                        :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The Court held a conference on December 8, 2023 to discuss the schedule for proceedings prior to the bench trial of this action. At the conference, the Court, with no objection from the parties, set the following schedule: (1) motions for summary judgment by any party are due by December 22, 2023; (2) responses in opposition to motions for summary judgment are due by January 19, 2024; (3) replies in support of motions for summary judgment are due by January 26, 2024; (4) the joint pretrial order and motions in limine are due by February 5, 2024; (5) responses in opposition to the motions in limine are due by February 9, 2024; and (6) the bench trial will begin on February 12, 2024 at 9:30 AM.

At the conference, the Court directed the procedures it will follow in connection with the bench trial. Direct testimony by witnesses within the control of a party will be received by declaration only, with the witnesses to be made available (upon request) for cross-examination. The affidavits and declarations submitted in support of a motion for summary judgment and the affidavits and declarations submitted in opposition to the motion for summary judgment, along with exhibits authenticated through those declarations or otherwise demonstrated to be

admissible, shall be treated as the direct testimony at trial. To the extent that any party desires to rely at trial on any testimony not contained in a declaration or affidavit submitted in support or in opposition to a motion for summary judgment, such party shall be permitted—for good cause—to submit further declarations or affidavits on or before January 26, 2024. Testimony of a witness within the control of a party shall not be received as direct testimony offered by that party unless it has been submitted in accordance with the deadlines in this paragraph. The declarants and affiants shall be available to swear to the truth of their declarations at the bench trial.

      The joint pretrial order shall indicate whether any party seeks to have a declarant or affiant take the stand and swear to the truth of the declaration or affidavit on the stand; in the absence of such a request (and absent objection), the Court will not require the witness to further swear to the truth of his or her statements. In addition, each party shall indicate in the joint pretrial order whether there are witnesses offered by another party whom such party wishes to have made available for cross examination during the bench trial, and whether there are third-party witnesses outside the control of such party that the party seeks to call to testify.

Subject to the consent of the parties, and if there is no testimony subject to cross-examination and no third-party witnesses to testify, the Court will use the trial time to hear argument in the form of closing statements based on the evidence on record.[1]

SO ORDERED.

Dated: December 8, 2023
       New York, New York

                                      LEWIS J. LIMAN
                                    United States District Judge

---

[1] So long as all parties consent, a district court may make findings of fact and conclusions of law on the written record alone. *See, e.g.*, *Pristine Jewelers NY, Inc. v. Broner*, 567 F. Supp. 3d 472, 474 n.1 (S.D.N.Y. 2021); *see also Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 142–43 (2d Cir. 1998).