22-CV-3074 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RURADAN CORPORATION,

                                                  Plaintiff,

- against -

CITY OF NEW YORK, JIN CHOI, MATTHEW AHN, RAYMOND KIM, L&K 48 VENTURE, INC., and JLEE 19 CORP.,

                                                  Defendants.

**DEFENDANT CITY OF NEW YORK'S SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
   *Attorney for Defendant City of New York*
   *100 Church Street*
   *New York, N.Y.  10007*

   *Of Counsel:    Pamela A. Koplik*
                      *Scali Riggs*
   *Tel:  (212) 356-2187*
   *Matter No. 2022-021648*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT

    POINT I

        PLAINTIFF HAS WAIVED ANY CLAIM FOR MONETARY DAMAGES FROM THE CITY. .......................................... 1

    POINT II

        PLAINTIFF LACKS STANDING TO BRING A CLAIM AGAINST THE CITY OF NEW YORK FOR MONETARY DAMAGES. ................................................................. 4

    POINT III

        THIS COURT SHOULD HOLD THAT SUITS FOR VIOLATIONS OF THE CONTRACTS CLAUSE MAY NOT BE BROUGHT UNDER SECTION 1983 ................................................................................................. 7

CONCLUSION ................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Pages**

*Armstrong v. Exceptional Child Center, Inc.*,
   575 U.S. 320 (2015) ........................................................................................................... 8

*AT&T Corp. v. Syniverse Techs., Inc.*,
   No. 12 Civ. 1812 (NRB), 2014 WL 4412392 (S.D.N.Y. Sept. 8, 2014) ................................. 1

*Bragdon v. Abbott*,
   524 U.S. 624 (1998) ........................................................................................................... 8

*Brandon v. Board of Educ.*,
   635 F.2d 971 (2d Cir. 1980) ............................................................................................... 3

*Carey v. Piphus*,
   435 U.S. 247, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978) ...................................................... 7

*Carter v. Greenhow*,
   114 U.S. 317 (1885) ........................................................................................ 7, 8, 9, 10, 11

*Carter v. HealthPort Techs., LLC*,
   822 F.3d 47 (2d Cir. 2016) ................................................................................................. 4

*Chien v. Future Fintech Grp., Inc.*,
   801 F. App'x 5 (2d Cir. 2020) ............................................................................................. 4

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) ........................................................................................................... 6

*Courtmanche v. Enlarged City School Dist.*,
   686 F. Supp. 1025 (S.D.N.Y. May 5, 1988) ...................................................................... 3

*Crosby v. City of Gastonia*,
   635 F.3d 634 (4th Cir. 2011) ........................................................................................ 9, 11

*Dennis v. Higgins*,
   498 U.S. 439 (1991) ......................................................................................................... 10

*Felder v. Casey*,
   487 U.S. 131 (1988) ........................................................................................................... 3

*Friends of the Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.*,
   528 U.S. 167 (2000) ........................................................................................................... 4

*Gibeau v. Nellis*,
   18 F.3d 107 (2d Cir. 1994) ................................................................................................. 7

**Cases**                                                                                                                                    **Pages**

*Haley v. Pataki*,
   106 F.3d 478 (2d Cir. 1997)..................................................................................................9

*Hedgeye Risk Mgmt., LLC v. Dale*,
   2023 WL 6386845 (S.D.N.Y. Sept. 29, 2023).........................................................................1

*Jenkins v. Mc Mickens*,
   618 F. Supp. 1472 (S.D.N.Y. Oct. 17, 1985)..........................................................................3

*Kaminski v. Coulter*,
   865 F.3d 339 (6th Cir. 2017) .......................................................................................9, 10, 12

*Katz v. City of New York, Dep't of Transp.*,
   1996 WL 599668 (S.D.N.Y. Oct. 16, 1996)...........................................................................3

*Keystone Bituminous Coal Ass'n v. DeBenedictis*,
   480 U.S. 470 (1987)...............................................................................................................12

*Lewis v. Continental Bank Corp.*,
   494 U. S. 472, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)........................................................4

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)...........................................................................................................4, 6

*McCann v. Coughlin*,
   698 F.2d 112 (2d Cir. 1983)....................................................................................................7

*Memphis Community School District v. Stachura*,
   477 U.S. 299 (1986)................................................................................................................6

*Montgomery v. Carr*,
   101 F.3d 1117 (6th Cir. 1996) ...............................................................................................12

*Piesco v. City of New York*,
   650 F. Supp. 896 (S.D.N.Y. January 6, 1987) ........................................................................3

*Rodriguez de Quijas v. Shearson/American Express, Inc.*,
   490 U.S. 477 (1989)..............................................................................................................12

*S. Cal. Gas Co. v. City of Santa Ana*,
   336 F.3d 885 (9th Cir. 2003) .....................................................................................9, 11, 12

*Smith v. Coughlin*,
   748 F.2d 783 (2d Cir. 1984)....................................................................................................7

**Cases**                                                                  **Pages**

*State Emples. Bargaining Agent Coal. v. Rowland*,
    494 F.3d 71 (2d Cir. 2007)..............................................................................................5

*Steel Co.. v. Citizens for a Better Envt.*,
    523 US 83 at 107 (1998)..................................................................................................4

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014).........................................................................................................6

*In re UBS AG Secs. Litig.*,
    Master File No. 07 Civ. 11225 (RJS),
    2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012)..................................................................1

*Uzuegbunam v. Preczewski*,
    141 S. Ct. 792 (2021)...................................................................................................4, 7

*Western Bulk Carriers KS v. Centauri Shipping Ltd.*,
    No. 11 Civ. 5952 (RJS), 2013 U.S. Dist. 2013 ................................................................1

**Statutes**

42 U.S.C. § 1983................................................................................................... *passim*

GML § 50(e) ......................................................................................................................3

GML § 50(i).......................................................................................................................3

N.Y.C. Admin. Code § 22-1005 ....................................................................................2, 6

Defendant City of New York ("City") submits this Supplemental Memorandum of Law in response to this Court's February 7, 2024 Order to address the following subjects: (i) whether Plaintiff's claim against the City for monetary damages was waived; (ii) whether Plaintiff has standing to bring a claim against the City for monetary damages; and (iii) whether suits for violations of the Contracts Clause may be brought under Section 1983 of Title 42 of the U.S. Code.

## ARGUMENT
### POINT I
### PLAINTIFF HAS WAIVED ANY CLAIM FOR MONETARY DAMAGES FROM THE CITY.

As set forth in the City's Reply Memorandum of Law (Dkt. 147) at POINT IV, plaintiff's failure in its opposition brief (Dkt. 138) to oppose or even address the City's arguments regarding damages is a concession that plaintiff is not entitled to damages from the City. *See AT&T Corp. v. Syniverse Techs., Inc.*, No. 12 Civ. 1812 (NRB), 2014 WL 4412392, at *7 (S.D.N.Y. Sept. 8, 2014) (plaintiff's "silence concedes the point" where it failed to discuss opponent's argument in its opposition to a motion for summary judgment); *Western Bulk Carriers KS v. Centauri Shipping Ltd.*, No. 11 Civ. 5952 (RJS), 2013 U.S. Dist. 2013 WL 1385212 at *3 (S.D.N.Y. Mar. 11, 2013) (same); *In re UBS AG Secs. Litig.*, Master File No. 07 Civ. 11225 (RJS), 2012 WL 4471265 at * 11 (S.D.N.Y. Sept. 28, 2012) (same). *See also Hedgeye Risk Mgmt., LLC v. Dale*, 2023 WL 6386845, *15 (S.D.N.Y. Sept. 29, 2023)("Plaintiff does not respond to the arguments made … and thus has conceded them.").

It is undisputed that plaintiff failed to respond to the City's argument in its moving brief for summary judgment that, even if it is successful in its challenge to the Guaranty Law, plaintiff is not entitled to damages from the City. *See* Defendant's City of New York's Memorandum of Law ("City Mem.") at POINT III (Dkt. 127). To the extent that plaintiff belatedly responds to the City's arguments in its supplemental briefing – and only in response to the Court's

request for such briefing - the waiver should be deemed to have already occurred. Plaintiff should not be allowed an opportunity to cure its prior deficient briefing.

Notably, plaintiff has all along been circumspect about what damages are attributable to the City. While plaintiff's Amended Complaint (Dkt. 40) lumped all defendants together and sought damages from *all* defendants in the amount of $ 1,000,127.27 due to the alleged breach of the subject lease (Amended Complaint at Wherefore Clause ¶ (g)), plaintiff's motion for summary judgment only attributed that amount of damages to what the Toasties Defendants owe "under the provisions of the lease, as modified and Guaranty." Plaintiff's Statement of Facts Pursuant to Local Rule 56.1 at ¶ 28 (Dkt. 129). Moreover, plaintiff's motion for summary judgment alleges that its damages stem from the Toasties Defendants "default under the provisions of the lease with approximately ten (10) years remaining through the end of the lease term, and Plaintiff is duly owed the rental amounts through the end of the lease term." Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Summary Judgment (Dkt. 148) at p. 1. Plaintiffs fail to articulate of what actual damages are allegedly attributable to City actions. Indeed, when the Court asked, hypothetically if the Toasties Defendants paid all that was allegedly owed, what damage claim it would have against the City, plaintiff's counsel only mentioned attorneys' fees.[1]  *See* Transcript of February 6, 2024 Oral Argument (Dkt. 161) at 24:17 – 26:1.

Additionally, while not raised in City Defendant's motion for summary judgment,

---

[1] Furthermore, the Guaranty Law if used as a defense could only conceivably bar recovery from some of the Toasties Defendants for defaults that arose during the statutory period of March 7, 2020 through June 31, 2021. *See* New York City Administrative Code § 22-10005; City Mem. at POINT II(C)(ii)(a). The City should not be on the hook for the damages attributable through the end of the lease term (through August 31, 2029) due to alleged lease provisions in a contract that the City is not a party to when the Guaranty Law only bars recovery for a limited time period. Moreover, if the Guaranty Law is declared unconstitutional, it would no longer be a barrier to recovery.

2

plaintiff has also waived any alleged entitlement to damages for failure to file a notice of claim with the New York City Comptroller in accordance with New York General Municipal Law ("GML") §§ 50(e) and 50(i).[2] *See* City's Answer to Amended Complaint (Dkt. 93) at ¶ 69. While plaintiff has styled his complaint against the City as a declaratory judgment action concerning the constitutionality of the Guaranty Law, the damages that plaintiff seeks are either, attributable to the Toasties Defendant's breach of the subject lease, or as against the City, presumably for tortious interference with the contract for "proximately causing" plaintiff's injury (Amended Complaint at ¶ 46).

While New York's notice of claim requirements generally do not apply to Section 1983 or other federal claims brought in federal or state court (*Felder v. Casey*, 487 U.S. 131 (1988); *Brandon v. Board of Educ.*, 635 F.2d 971, 973 n.2 (2d Cir. 1980)), New York's notice of claim requirements do apply to pendent state law claims that a plaintiff joins with Section 1983 or other federal claims. *Felder*, 487 U.S. at 151 ("federal courts entertaining pendent state-law claims against . . . municipalities are obligated to apply [a state's] notice-of-claim provision."). *See also Courtmanche v. Enlarged City School Dist.*, 686 F. Supp. 1025 (S.D.N.Y. May 5, 1988); *Piesco v. City of New York*, 650 F. Supp. 896 (S.D.N.Y. January 6, 1987); *Jenkins v. Mc Mickens*, 618 F. Supp. 1472 (S.D.N.Y. Oct. 17, 1985); *Katz v. City of New York, Dep't of Transp.*, 1996 WL 599668 (S.D.N.Y. Oct. 16, 1996). To the extent that the Amended Complaint can be construed as either a

---

[2] Section 50-i provides in relevant part that: "no action or special proceeding shall be prosecuted or maintained against a city . . . for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of any such city . . . unless (a) a notice of claim shall have been made and served upon the city . . . in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of said notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based;…."

breach of contract claim or as an inartfully drafted claim for tortious interference with contract, plaintiff waived a claim for damages from the City for failure to file a notice of claim.

In sum, by failing to respond to the City's arguments in its opposition, by failing to ever attribute any actual compensatory damages to City action, by never even claiming nominal damages, and by failing to file a notice of claim, plaintiff has conceded that it is not entitled to damages from the City.

### POINT II
### PLAINTIFF LACKS STANDING TO BRING A CLAIM AGAINST THE CITY OF NEW YORK FOR MONETARY DAMAGES.

"To have standing, a plaintiff must show that (1) he 'suffered an injury in fact,' (2) there is a 'causal connection between the injury and the conduct complained of,' and (3) 'it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Chien v. Future Fintech Grp., Inc.*, 801 F. App'x 5, 7 (2d Cir. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The party invoking federal jurisdiction bears the burden of establishing the elements of constitutional standing. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). A plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000). Plaintiff has not established standing to seek monetary damages from the City.

The monetary damages alleged in the Amended Complaint (ECF No. 40) are compensatory damages related to an alleged breach of a lease agreement.[3] Specifically, plaintiff

---

[3] Attorneys' fees and costs are merely a "byproduct" of a suit that already succeeded, not a form of redress. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) *Steel Co. v. Citizens for a Better Envt.*, 523 US 83 at 107 (1998); *see also Lewis* v. *Continental Bank Corp.*, 494 U. S. 472, 480, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).

4

alleges that "[a]s of April 13, 2022, the Toasties Defendants are duly indebted to Plaintiff under the provisions of the said Lease, as modified, and Guaranty, in total sum of $1,000,127.27, not including attorneys' fees and expenses." Compl. ¶ 91. Although paragraph 49 of the Amended Complaint alleges that plaintiff "has been or will be" damaged by the City of New York in an equivalent amount, there is no support for this claim in the pleadings or the record.

Moreover, what is in the record pertains only to the Toasties Defendants. Specifically, at summary judgment, plaintiff provided a declaration from its principal, Jonathan Elyachar, dated December 22, 2023 ("Elyachar Decl.") (Dkt. 130), which states that "[t]he Toasties Defendants … are duly indebted to Plaintiff in the total sum of $1,000,127.27 …. [.]" Elyachar Decl. ¶ 38 (emphasis added). Plaintiff further annexes to the declaration an alleged "Account History and Balance Owed by the Toasties Defendants" purporting to show this damages calculation.[4] *See* Elyachar Decl., Ex. "L." Plaintiff provides nothing that could link its alleged monetary damages directly to the City, nor could it plausibly do so. It is undisputed that the City of New York was not a party to the lease at issue in this action. To the extent that plaintiff seeks compensation for the alleged breach of lease and unpaid rent, that claim is not properly asserted against the City. *See State Emples. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 88 (2d Cir. 2007) (noting that a court's award of compensatory damages remedies discrete injuries caused by a defendant's prior acts).

Plaintiff's only claim with respect to the City Defendant is that the Guaranty Law may bar plaintiff in the future from collecting unpaid rent from its tenant guarantors. This claim is

---

[4] Notably, Plaintiff improperly attempts to further amend its complaint in a footnote to increase the amount of damages sought. *See* Pl.'s Reply, Dkt. 148, p. 3 n.1; Declaration of Jonathan R. Elyachar Dkt. 137, Ex. M. Plaintiff's calculation is again based on an alleged rent ledger for a commercial lease that the City was not a party too. *Id.*

contingent on an attenuated chain of hypotheticals which is not sufficient to confer standing to seek monetary damages here. The Supreme Court has made clear that "allegations of possible future injury" or even an "objectively reasonable likelihood" of future injury are insufficient to confer standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409-10 (2013) (internal quotation marks, alterations, and emphasis omitted). Rather, a future injury constitutes an Article III injury in fact only "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotation marks omitted). Notably, nothing in the Guaranty Law prevents plaintiff from enforcing its lease against its tenant. *See* N.Y.C. Admin. Code § 22-1005. To provide the necessary link to the Guaranty Law to support its claim, plaintiff would have to show that it was not able to recover from its tenant, that it attempted to enforce against its guarantor, that its guarantor raised the guaranty law as a defense to enforcement, and that the Court determined the Guaranty Law to be applicable. Indeed, plaintiff itself has argued that the Guaranty Law is *not* applicable.[5] Pl.'s Mem. ECF. No. 131, p. 29. Plaintiff has the burden to "establish a causal connection between the injury and the conduct complained of" and the injury has to be "fairly trace[able] . . . to the challenged action of the defendant." *Lujan*, 504 U.S. at 560 (quotation marks omitted, alterations in original). Plaintiff has not met that burden here.

That plaintiff purports to bring its claims under Section 1983 does not alter this conclusion. An award of compensatory damages under Section 1983 still requires a showing of causation. A civil rights plaintiff can recover compensatory damages "only if he prove[s] actual injury caused by the denial of his constitutional rights." *Memphis Community School District v. Stachura*, 477 U.S. 299, 307 (1986). "It is well established that to collect compensatory damages

---

[5] Clearly, if the Guaranty Law is not applicable, then plaintiff lacks standing against the City.

6

in an action brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove more than a mere violation of his constitutional rights. He must also demonstrate that the constitutional deprivation caused him some actual injury." *McCann v. Coughlin*, 698 F.2d 112, 126 (2d Cir. 1983) (citations omitted); *see also Gibeau v. Nellis*, 18 F.3d 107, 110 (2d Cir. 1994) ("To recover compensatory damages under Section 1983, a plaintiff must prove that his injuries were proximately caused by the constitutional violation."). Plaintiff has not established any monetary damages attributable to the Guaranty Law.[6]

## POINT III

### THIS COURT SHOULD HOLD THAT SUITS FOR VIOLATIONS OF THE CONTRACTS CLAUSE MAY NOT BE BROUGHT UNDER SECTION 1983.

If it reaches the question, this Court should hold, consistent with longstanding precedent, that Contracts Clause claims are not cognizable under Section 1983. Section 1983 permits a private cause of action to be brought against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In *Carter v. Greenhow*, 114 U.S. 317 (1885), the Supreme Court addressed, in the context of Revised Statute 1979 (Section 1983's precursor), what kind of "right, privilege, or immunity" was secured by the Contracts Clause, and whether a

---

[6] Although Courts may *award* nominal damages where a plaintiff has failed to prove actual compensable injury, such an award is only available upon proof that a constitutional violation has occurred. *See Smith v. Coughlin*, 748 F.2d 783, 789 (2d Cir. 1984) ("even when a litigant fails to prove actual compensable injury, he is entitled to an award of nominal damages upon proof of violation of a substantive constitutional right.") (citing *Carey v. Piphus*, 435 U.S. 247, 267, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978)). For broader Article III purposes, such an award only satisfies redressability, a plaintiff must still establish injury and traceability. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (considering "whether a plaintiff who sues over a completed injury and establishes the first two elements of standing (injury and traceability) can establish the third by requesting only nominal damages").

7

Contracts Clause claim could be raised under Revised Statute 1979. Because the language of Revised Statute 1979 at issue in *Carter* is nearly identical to the language of Section 1983, the Supreme Court's rationale in *Carter*, discussed below, is applicable to Section 1983. *See generally Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 330 (2015) (explaining that when "judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute' is presumed to incorporate that interpretation") (quoting *Bragdon v. Abbott*, 524 U.S. 624, 645 (1998)).

*Carter* involved a Virginia bondholder who sued the local tax collector for refusing to accept his bond coupons as payment for property taxes. At the time of their issuance, Virginia law permitted bondholders to pay state taxes in bond coupons, but the state later passed a law forbidding citizens from using bond coupons to pay taxes and the plaintiff brought suit under Revised Statue 1979. *Carter*, 114 U.S. at 318-20. Specifically, the plaintiff alleged that he had a constitutional right to pay his taxes in coupons, and that when the defendant refused to accept the coupons, he did so under color of state law in violation of the Constitution. *Id*.

The central question addressed in *Carter* was whether the plaintiff had suffered a "deprivation of any right, privilege, or immunity secured by the Constitution" sufficient to state a cause of action under Revised Statute 1979. *Id*. at 321. The Court first identified the specific rights asserted in the pleadings as rights arising out of plaintiff's contract with the State. *Id*. at 322 ("The rights alleged to be violated are the right to pay taxes in coupons instead of in money, and, after a tender of coupons, the immunity from further proceeding to collect such taxes as though they were delinquent. These rights the plaintiff derives from the contract with the State, contained in the act of March 28, 1879, and the bonds and coupons issued under its authority."). The Court concluded

that the Constitution secured the asserted rights only indirectly through the Contracts Clause. The Court stated:

> How and in what sense are these rights secured to him by the Constitution of the United States? The answer is, by that provision, Art. I., Sec. 10, which forbids any State to pass laws impairing the obligation of contracts. That constitutional provision, so far as it can be said to confer upon, or secure to, any person, any individual rights, does so only indirectly and incidentally. It forbids the passage by the States of laws such as are described.

*Id*. at 322.

The Contracts Clause is not a source of individual rights in and of itself. Rather, it limits states' powers by prohibiting interference with contracts. Thus, as the Court explained, a party could seek to "vindicate his rights under a contract" and, if a state law unconstitutionally limited his contractual rights, he could have "a judicial determination, declaring the nullity of the attempt to impair its obligation." *Id.* at 322. The Court went on to clarify that Congress had provided two ways to bring a Contracts Clause claim, either by writ of error after a final judgment in state court, or by invoking federal question jurisdiction and meeting the amount in controversy requirement applicable at the time. But neither method suggests a suit by a private party against the government directly for damages, as opposed to a plaintiff's contractual counterparty. *Carter*, 114 U.S. at 322-23.

Circuits are divided in their interpretations of *Carter*, but the majority interpret *Carter* to foreclose the possibility of bringing a Contracts Clause claim under Section 1983. *Compare Kaminski v. Coulter*, 865 F.3d 339, 347 (6th Cir. 2017) (holding that there is no private right of action under Section 1983 for Contracts Clause violations) *and Crosby v. City of Gastonia*, 635 F.3d 634, 641 (4th Cir. 2011) (same), *with S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (per curiam) (holding that there is a private right of action). The Second Circuit has yet to weigh in on this question. *See Haley v. Pataki*, 106 F.3d 478, 482 n.2 (2d Cir. 1997)

9

(noting that it is not clear that suits for violations of the Contract Clause may be brought under Section 1983 and declining to consider the issue).

This split is derived from *Dennis v. Higgins,* 498 U.S. 439 (1991), where the Supreme Court held that Section 1983 could provide a cause of action for an alleged Commerce Clause violation. In his dissent in *Dennis*, Justice Kennedy noted regarding *Carter* that in the Court's "only previous case discussing a § 1983 claim brought for the violation of a supposed right secured by Article I of the Constitution, [the Court] held that violation of the Contracts Clause does not give rise to a § 1983 cause of action." *Dennis,* 498 U.S. at 457 (Kennedy, J., dissenting). Responding to Justice Kennedy in a footnote, Justice White distinguished the holding in *Carter*, noting the Court has given *Carter* a "narrow reading, stating that the case held as a matter of pleading that the particular cause of action . . . was in contract and was not to redress deprivation of the right secured to him by that clause of the Constitution [the contract clause], to which he had chosen not to resort." *Dennis,* 498 U.S. at 451 n.9 (citations and quotations omitted). As the Fourth Circuit explained, Justice White's footnote does not establish, contrary to *Carter*, that there is a Section 1983 cause of action under the Contracts Clause, but rather it was "intended to address the usefulness of that case in providing a framework for the analysis of § 1983 claims invoking parts of the Constitution *other* than the Contracts Clause, or alleging the deprivation of rights secured by *other* federal laws." *Id.* at 640-41 (emphasis added); *see also Kaminski*, 865 F.3d at 347.

Although the Court in *Carter* did recognize the pleading deficiencies, noting that the plaintiff "did not show" that he had been deprived of his right to bring a Contracts Clause claim, he had "simply chosen not to resort to it" (*See Carter,* 114 U.S. at 322), it also stated, as discussed above, that Congress had provided only two modes to raise a Contracts Clause challenge. The Court did not state that such a claim could be raised directly under Revised Statute 1979.

10

Indeed, the Court in *Carter* seems to imply that had the plaintiff claimed to have been denied access to the Court, such a claim might fall under Revised Statute 1979. The Fourth Circuit in *Crosby v. City of Gastonia*, 635 F.3d 634 (4th Cir. 2011) noted this key distinction between a claim for "discrete instances where a state has denied a citizen the opportunity to seek adjudication through the courts as to whether a constitutional impairment of a contract has occurred, or has foreclosed the imposition of an adequate remedy for an established impairment" versus a claim for "an alleged impairment in the first instance." *Id*. at 640. Here, plaintiff is seeking an adjudication about the alleged impairment in the "first instance," and because the Guaranty Law functions as a defense to enforcement of a contract, the claim does not properly lie there. Just as in *Carter*, the rights at issue here are rights created by contract, namely, plaintiff's right to collect alleged unpaid rent from an individual guarantor.[7] Section 1983 only protects rights "secured by the constitution." *See* 114 U.S. at 317, 321; 42 U.S.C. § 1983. The Guaranty Law does nothing to prevent plaintiff from "seeking adjudication" in state court that its contract was impaired, nor does it foreclose a remedy for an "*established* impairment." *Crosby*, 635 F.3d at 640. Because the right that Plaintiff seeks to enforce is derived from a contract between private parties, and not directly from the Constitution or federal law, plaintiff has no cause of action under Section 1983.

The lone case holding that a Section 1983 action lies to enforce Contracts Clause rights does so with minimal analysis. *S. Cal. Gas Co.*, 336 F.3d at 887. Moreover, in that case, the City defendant that passed the law allegedly impairing the plaintiff's contract was also the contractual counterparty. *S. Cal. Gas. Co*., 336 F.3d at 888. As the Supreme Court has repeatedly

---

[7] Plaintiff's claim under the Contracts Clause is even further removed than Carter's. Plaintiff's claim can only follow after the Court determines that a valid contract exists, is not voidable, was breached, the Guaranty Law raised in defense to enforcement, and determined to be applicable. Only then can the constitutional impairment inquiry begin.

held, the standards for a Contracts Clause claim are different where "the State is itself a contracting party." *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 505 (1987). As the Ninth Circuit explained, it was a case where one party was attempting to "unilaterally rewrite central terms" of the contract by requiring prepayment for trench cuts in the City's streets. *S. Cal. Gas. Co.*, 336 F.3d at 888, 894. And, for the same reason, the court there did not grapple with the potentially disastrous consequences of imposing Section 1983 liability on a municipality for passing a law later found to be unconstitutional and thereby providing every person affected by that law with a private right of action against the government for exercising its legislative prerogative.

Finally, *Carter* is still good law, it has never been explicitly overruled and it is within the sole province of the Supreme Court to overrule its precedent. *See Kaminski* 865 F.3d at 347; *see also Montgomery v. Carr*, 101 F.3d 1117, 1129 (6th Cir. 1996) (courts "lack the power to hold that a Supreme Court case has been overruled by implication.") (citing *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989)).

## **CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court grant its motion for summary judgment.

Dated:  New York, New York
        February 28, 2024

                                   **HON. SYLVIA O. HINDS-RADIX**
                                   Corporation Counsel of the City of New York
                                   Attorney for City Defendant
                                   100 Church Street
                                   New York, New York 10007
                                   Tel:  (212) 356-2187; (212) 356-2197

By:                /s/                
       Pamela A. Koplik
       Scali Riggs
       E-mails: pkoplik@law.nyc.gov
                   sriggs@law.nyc.gov

13