USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/14/2024___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RURADAN CORPORATION,

                          Plaintiff,

            -against-

CITY OF NEW YORK, et al.,

                          Defendants.
-------------------------------------------------------------X

**OPINION AND ORDER ON
MOTION FOR SANCTIONS**

**22-CV-3074 (LJL)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

This case involves a dispute between a landlord and its former commercial tenant, JLEE 19 Corp. d/b/a Toasties, which was assigned Plaintiff's original lease with L&K 48 Venture, Inc. d/b/a Toasties. The individual Defendants Jin Choi, Matthew Ahn, and Raymond Kim are personal guarantors under the lease. Toasties was a delicatessen that operated primarily during the day to serve breakfast and lunch. The lease term was September 1, 2014 through August 31, 2029.

In April 2020, in connection with the COVID 19 Pandemic, indoor dining was suspended and most office workers were required to work from home. As a result, like many restaurants, Toasties experienced a sudden and dramatic drop-off in business and was not able to remain profitable or even cover operating expenses. It broke the lease in July 2020. Plaintiff ultimately mitigated damages by finding another tenant a year or so later. However, it seeks rent and other amounts due under the lease from the now defunct Toasties location and the guarantors under the lease.

The City of New York is also a Defendant because the Toasties Defendants are relying on the so-called "Guaranty Law" promulgated by the City early during the Pandemic to avoid

liability.  That law prohibited threatening a commercial tenant "based on the tenant's status as a person or business impacted by COVID-19, or . . . receipt of a rent concession or forbearance for any rent owed during the COVID-19 period."  N.Y.C Admin. Code §§ 27-2004(a)(48)(f-7), 27-2115(m)(2); *see also Melendez v. City of New York*, 16 F.4th 992 (2d Cir. 2021) (discussing the Guaranty Law).  Plaintiff contends that the Guaranty Law is unconstitutional and not a valid defense and therefore also sued New York City seeking a declaratory judgment that the law is invalid and unconstitutional and/or that it has no retroactive effect to personal guarantees signed before the law became effective.  And, indeed, the City's law has been found to violate the Contracts Clause of the United States Constitution.  *Melendez v. City of New York*, 668 F. Supp. 3d 184, 197 (S.D.N.Y. 2023).  However, the City is appealing this decision.  *See Melendez v. City Of New York*, 23-683 (2d Cir.).

This Court was referred for settlement and scheduled a settlement conference to occur on February 7, 2024.  (ECF Nos. 112-114.)  The Court's Order specified that parties must attend in-person with their counsel and that corporate parties must send the person with decision making authority.  (ECF No. 114.)  This Court's Individual Rules of Practice provide that "[i]f a party fails to comply with the attendance requirements, that party may be required to reimburse all the other parties for their time and travel expenses and may face other sanctions."  Individual Practices in Civil Cases for Hon. Katharine H. Parker V(g), p. 10, https://nysd.uscourts.gov/hon-katharine-h-parker.

On the day of the conference, Defendants Matthew Ahn and Raymond Kim failed to attend.  Their participation was critical to a resolution of this matter.  Defendants did not seek leave from the Court to be excused from attendance at the conference or to participate

remotely.  Although the parties discussed settlement and exchanged some numbers, they made

only nominal progress, as it became apparent that the absent Defendants were needed to fully

explore a resolution.  As a result, the conference ended early as no progress could be made.

The Court also learned during the conference that defense counsel did not inform Ahn and Kim

of their obligation to attend the conference on the assumption that Choi could represent all of

the Defendants.  However, this was not the case, as Choi could not commit any additional funds

toward settlement from the other Defendants.

Plaintiff subsequently filed the instant motion seeking sanctions against the Toasties

Defendants and their counsel.  In particular, they seek reimbursement for 7.3 hours of time

spent preparing for the conference, travel to/from the conference, and time at the conference,

as well as for 2 hours of time spent preparing their letter motion for sanctions – a total of 9.3

hours at a rate of $500/hour, for a total of $4,650.  Counsel does not break down travel time

from his office in Midtown East to court or the amount of preparation in advance of the

conference.  However, the Court's own notes indicate the conference lasted 2 hours and

twenty minutes.  During that time the Court spoke separately to the Toasties Defendants, the

City Defendants (to see whether the case could be resolved between Plaintiff and the City

Defendants), and to Plaintiff.

The Toasties Defendants oppose the motion and provided the Court with an explanation

for Ahn and Kim's failure to attend, which were personal to those individuals.  Defense counsel

also apologized on the day of the conference.

## DISCUSSION

A court may not require litigants to settle an action.  *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985).  However, "it is well-established that a court may require parties to appear for a settlement conference, and that it is entirely appropriate for a court to impose sanctions pursuant to Rule 16(f) [of the Federal Rules of Civil Procedure] if a party fails to do so." *Mordechai v. St. Luke's-Roosevelt Hosp. Ctr.*, 2001 WL 699062, at *2 (S.D.N.Y. June 20, 2001) (collecting cases); *see, e.g., Sosinsky v. Chase Manhattan Bank,* , 1999 WL 675999, at *2 (S.D.N.Y. Aug. 31, 1999) (upholding magistrate judge's imposition of sanctions for failure to appear at settlement conference); *Dan River, Inc. v. Crown Crafts, Inc.,* 1999 WL 287327, at *2 (S.D.N.Y. May 7, 1999) ("[T]he [c]ourt has the power under Rule 16 to require a party to appear for at least one settlement conference.  A party cannot be allowed to flout such an order.").

In addition, "[i]t is well settled that a magistrate judge has the authority to issue an order containing sanctions in connection with a matter that has been properly referred to the magistrate judge."  *Sosinsky*, 1999 WL 675999, at *2 (collecting cases); *see also Malave v. Nat'l Pension Fund,* 1996 WL 175090, at *3-4 (S.D.N.Y. April 15, 1996), *aff'd*, 125 F.3d 844 (2d Cir. 1997); *Softel, Inc. v. Dragon Med. and Sci. Commc'ns, Inc.,* 1990 WL 164859, at *5 (S.D.N.Y. Oct. 24, 1990).  "Pursuant to Federal Rule of Civil Procedure 16(f) and its inherent power, a ... court may issue an order imposing sanctions on a party or his attorney for 'failing to appear at a scheduling or other pretrial conference' or 'failing to obey a scheduling or other pretrial order.'" *Xu v. UMI Sushi, Inc.,* 2016 WL 3523736, at *3 (S.D.N.Y. June 21, 2016) (citing Fed. R. Civ. P. 16(f)) (alterations omitted); *see, e.g.*, *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002) (a court has inherent power to sanction an attorney "for disobeying the court's orders"); *McConnell*

*v. Costigan*, 2002 WL 313528, at *15 (S.D.N.Y. Feb. 28, 2002) (imposing sanction of $1,000 for, in part, failure to comply with court's prior scheduling order and delay).

No showing of bad faith is required to impose sanctions under Rule 16(f)(1)(C). *Hamilton Int'l Ltd. v. Vortic LLC*, 2018 WL 5292128, at *2 (S.D.N.Y. Oct. 25, 2018). "The fact that a pretrial order was violated is sufficient to allow some sanction." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 366-67 (E.D.N.Y. 2013) (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (3d ed. 2010)).

Appropriate sanctions imposed pursuant to Rule 16(f) and the court's inherent sanctions power include a requirement to pay opposing counsel's costs as well as a fine payable to the Clerk of the Court. *See, e.g.*, *Macolor v. Libiran*, 2015 WL 337561 at *2 (S.D.N.Y. Jan. 23, 2015) (requiring defendant's counsel pay $3,000 to Clerk of the Court and $1,000 to plaintiff's counsel "to compensate him for the time and resources spent preparing for and attending the aborted [pretrial] conference as well as his subsequent communications with the [c]ourt."); *Kerestan v. Merck & Co. Long Term Disability Plan*, 2008 WL 2627974, at *1 (S.D.N.Y. July 2, 2008); *Mordechai*, 2001 WL 699062 at *2 (requiring that plaintiff pay monetary sanctions to both defendant's counsel and Clerk of the Court, where plaintiff's failure to appear at two settlement conferences "ha[d] wasted not only opposing counsel's time, but also that of the [c]ourt").

The specific question presented is whether Defendants satisfied their obligation to participate in the conference by sending Choi as a representative for all of the Toasties Defendants, corporate and individual, without seeking prior permission from the Court to do so.

The Court is reluctant to impose sanctions but believes they are nevertheless warranted here, even if done without intent to disrespect the Court or Plaintiff, because it was a clear violation of a Court Order.  Further, counsel was on notice by virtue of this Court's publicly posted Individual Rules, that sanctions were a possibility for failing to comply with the Order. *See, e.g.*, *Thrane v. Metropolitan Transp. Auth*, 2018 WL 840043 (E.D.N.Y. Feb. 12, 2018) (sanctioning defendant for failing to send "someone with full settlement authority" to judicially supervised settlement conference); *Zalisko v. MTA N.Y.C. Transit*, 2010 WL 3185685 (S.D.N.Y. Aug. 12, 2010) (same).

In considering the totality of the circumstances, the Court finds that monetary sanctions in the form of Plaintiff's counsel's fees for two hours of time are appropriate.  This will cover some of the time spent at the conference.  The Court does not award travel time or all of the time spent at the conference because Choi came to the conference with authority and the parties were able to at least engage in some settlement discussions.  The Court does not agree that preparation for the conference should be charged because this time was required regardless and was necessary to engage in a pre-conference exchange of numbers and the limited negotiations that did occur.  Further, the Court finds that no amount should be awarded for the exchange of the post-conference motion that allegedly took 2 hours to prepare because the submission is only a two-page letter motion with no citation to case law.  In other words, 2 hours is excessive for what was submitted.

## CONCLUSION

Accordingly, I find that an award of sanctions in the amount of **$1,000** to Plaintiff is appropriate and that Defendants Ahn and Kim are jointly responsible with their counsel for the

full amount.  Payment must be made by **Wednesday, April 3, 2024** and counsel must file an affidavit of payment on the docket by that date.[1]

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 157.**

**SO ORDERED.**

Dated: March 14, 2024
         New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge

---

[1] The Court notes that even if the sanctioned Defendants were to file objections to this Order, that would not stay the obligation to timely pay the sanction unless they were to seek and obtain a stay from Judge Liman.  *See Dan River, Inc*, 1999 WL 287327, at *2.